**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

OKLAHOMA FIREFIGHTERS
PENSION & RETIREMENT
SYSTEMS, Individually and on Behalf
of all Others Similarly Situated,

    Plaintiff,

v.                                                                      Case No. 3:15-cv-546-J-32PDB

RAYONIER ADVANCED
MATERIALS, INC., PAUL G.
BOYNTON, FRANK A. RUPERTO,
and BENSON K. WOO,

    Defendants.

## **O R D E R**

This proposed securities class action is before the Court on three different motions to be appointed lead plaintiff and to have the proposed lead plaintiff's choice of counsel approved. (Docs. 8, 11, 12.) Since the motions were filed, two of the movants have indicated that they do not oppose the joint motion of the Oklahoma Firefighters Pension & Retirement System ("OFP") and the Pension Trust Fund for Operating Engineers ("Operating Engineers"), though the two other movants stand ready to serve if needed. (Docs. 18, 19.) OFP and Operating Engineers, meanwhile, have reaffirmed their position that they and their chosen counsel are the most appropriate lead plaintiffs and lead counsel to prosecute this action. (Doc. 20.)

**I.**    **APPOINTMENT OF LEAD PLAINTIFF**

The Private Securities Litigation Reform Act of 1995 (PSLRA) provides for the

appointment as lead plaintiff of "the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members (hereafter in this paragraph referred to as the 'most adequate plaintiff') in accordance with this subparagraph." 15 U.S.C. § 78u-4(a)(3)(B)(i). Even when a motion for appointment as lead plaintiff is unopposed, the court must still make this determination on its own. Id.; Biver v. Nicholas Fin., Inc., No. 8:14-cv-250-T-33TGW, 2014 WL 1763211, at *2 (M.D. Fla. Apr. 30, 2014). The PSLRA directs the court to adopt the rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that:

> (aa) has either filed the complaint or made a motion [to serve as lead plaintiff];
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption may be rebutted by proof that the proposed lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." Id. at § 78u-4(a)(3)(B)(iii)(II).

The PSLRA also includes a restriction against "professional plaintiffs" serving as lead plaintiffs:

> Except as the court may otherwise permit, consistent with the purposes of this section, a person may be a lead plaintiff, or an officer, director, or fiduciary of a lead plaintiff, in no more than 5 securities class actions brought as plaintiff class actions pursuant to the Federal Rules of Civil Procedure during any 3-year period.

Id. § 78u-4(a)(3)(B)(vi).

Upon due consideration, the Court finds that OFP and Operating Engineers are "the most adequate plaintiff" and satisfy the requirements of the PSLRA. OFP filed the initial complaint in this matter (Doc. 1), counsel for OFP and Operating Engineers timely published notice of this action (Doc. 14-1), and then OFP and Operating Engineers timely filed their joint motion for appointment as lead plaintiff (Doc. 12). 15 U.S.C. § 78u-4(a)(3)(A)(i); see id. § 78u-4(a)(3)(B)(iii)(I)(aa). Their estimated combined losses are approximately $2,193,886,[1] which is more than either of the two other movants. (Compare Doc. 14-3, with Doc. 10-2, and Doc. 13-2.) The Court has no evidence that any other person has a larger financial interest in the case. See 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). The Court also finds that OFP and Operating Engineers otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. Id. § 78u-4(a)(3)(B)(iii)(I)(aa). They are therefore entitled to the rebuttable presumption that they are the most adequate plaintiff. Id. § 78u-4(a)(3)(B)(iii)(I). The Court has been presented with no proof rebutting the presumption.

Moreover, the Court concludes that, to the extent the restriction on professional plaintiffs in subsection (vi) might apply due to frequent service as lead plaintiff in other securities class actions, neither OFP nor Operating Engineers is the kind of entity Congress intended to restrict from serving as lead plaintiff. See Dees v. Colonial

---

[1] Aggregating losses has been permitted by other courts in this District and within the Eleventh Circuit. See Eastwood Enters. v. Farha, Nos. 8:07-cv-1940-T-24MSS, 8:07-cv-1993-T-24TBM, 2008 WL 687351, at *2 (M.D. Fla. Mar. 11, 2008) (discussing motions for joint appointment as lead plaintiff and aggregation of losses).

3

Bancgroup, Inc., No. 2:09cv104, 2009 WL 1285424, at *1-2 (M.D. Ala. May 7, 2009). Finally, the materials submitted in support of the motion indicate that the joint appointment of OFP and Operating Engineers does not conflict with the purposes of appointing a lead plaintiff in a securities class action. The Court therefore concludes that OFP and Operating Engineers should be appointed lead plaintiff.

## II. SELECTION OF LEAD COUNSEL

The PSLRA also provides that the "most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). The court "should generally employ a deferential standard in reviewing the lead plaintiff's choices." In re Cendant Corp. Litig., 264 F.3d 201, 274 (3d Cir. 2001); see also Cohen v. U.S. Dist. Court for the N. Dist. of Cal., 586 F.3d 703, 712 (9th Cir. 2009) ("[W]e hold that if the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice."). Upon due consideration, the Court determines that Saxena White P.A. and Grant & Eisenhofer P.A. both have substantial experience in securities class actions, and therefore defers to OFP and Operating Engineers's selection of the firms as lead counsel.[2]

## III. BRIEFING SCHEDULE

Finally, the Court has reviewed defendants' proposed schedule (Doc. 4) and will adopt a similar schedule for filing an amended complaint and for briefing any motion to dismiss the amended complaint.[3] Discovery will remain stayed until any motion to

---

[2] The Court will direct the Clerk to terminate movants Frank J. Ferraro and Local 295 and their counsel as parties receiving notice in this case.

[3] Defendants' Local Rule 3.01(g) certification indicated that counsel for OFP did

4

dismiss is resolved, and the requirements of Local Rule 4.04(b) will remain suspended until further order.

Accordingly, it is hereby

**ORDERED:**

1. The Motion of Oklahoma Firefighters Pension & Retirement System and the Pension Trust Fund for Operating Engineers for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (Doc. 12) is **GRANTED**. The Motion of Frank J. Ferraro to Be Appointed Lead Plaintiff and to Approve Proposed Lead Plaintiff's Choice of Counsel (Doc. 8) and the Motion of Local 295 IBT Employer Group Pension Trust and Welfare Funds for Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Doc. 11) are **DENIED**.

2. Oklahoma Firefighters Pension & Retirement System and the Pension Trust Fund for Operating Engineers are **APPOINTED** as Lead Plaintiff.

3. Lead Plaintiff's selection of Saxena White P.A. and Grant & Eisenhofer P.A. as Lead Counsel is **APPROVED**.

4. No motion, request for discovery, or other pretrial proceeding shall be initiated or filed by any plaintiff without the approval of Lead Counsel, so as to prevent duplicative pleadings or discovery. No settlement negotiations should be conducted without the approval of Lead Counsel.

5. The Court sets the following preliminary case schedule:

   a. On or before **September 11, 2015**, Lead Plaintiff shall file an

---

not oppose the proposed schedule when it was filed. (Doc. 4 at 4.)

amended complaint.

    b.    On or before **October 26, 2015**, defendants shall file any answer or motion to dismiss the amended complaint. Any motion to dismiss shall not exceed twenty-five pages.[4]

    c.    On or before **December 10, 2015**, Lead Plaintiff shall file any opposition to the motion to dismiss, not to exceed thirty-five pages.

    d.    On or before **January 11, 2016**, defendants shall file any reply brief in support of the motion to dismiss, not to exceed fifteen pages.

    e.    The anticipated motion to dismiss is **SET** for **HEARING** on **March 1, 2016**, at **10:00 a.m.**, before the undersigned in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[5] The Court intends to discuss scheduling for the remainder of the case at the hearing.

6.    Discovery remains stayed, without prejudice to any party filing a motion explaining why particularized discovery is necessary to preserve evidence or prevent undue prejudice.

7.    The requirements of Local Rule 4.04(b) remain suspended until further order of the Court.

---

[4] Defendants have indicated that they intend to file a single, joint motion to dismiss the amended complaint of no more than twenty-five pages.

[5] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission pro hac vice.

6

8. The Clerk is **DIRECTED** to terminate movants Frank J. Ferraro, Local 295, and their counsel as parties receiving notice in this case.

**DONE AND ORDERED** at Jacksonville, Florida this 10th day of August, 2015.

TIMOTHY J. CORRIGAN
United States District Judge

bjb
Copies to:

Counsel of record